### George Stiles *vs.* Stephen Granville.

A minor having left his father's house in another state, and let himself to work in this state, and having brought an action against his employer, after attaining full age, to recover for services rendered while under age; it was held, that, in order to authorize a verdict for the plaintiff, the jury must be satisfied on the whole evidence, that the father had emancipated his son, or given him his time while he worked for the defendant, or waived the right to recover for his services, either generally, or in this particular case; that proof that his father had permitted him to come into this state for employment, and to make a contract for his services, did not raise a presumption of law of such emancipation or waiver; and that the mere consent of the father that the son might sue for these services would not authorize the son to sue for them in his own name, if no such emancipation or waiver had taken place until after the services had been performed.

In an action brought by a son after attaining full age, for work done by him while under age, the jury, having been rightly instructed that the plaintiff might recover, if his father had emancipated him, or given him his time while he worked for the defendant, or waived the right to recover for his services, returned a verdict that there was " no evidence that the plaintiff, during the time that he was in the employ of the defendant, was legally emancipated;" whereupon a general verdict for the defendant was drawn up by order of the court, and affirmed by the jury. It was held, that the finding of the jury would not authorize a general verdict, and that the verdict must be set aside.

THIS was an action of assumpsit, for services rendered by the plaintiff, whilst a minor, having a father alive, and commenced after the plaintiff came of age. The case was tried before *Perkins*, J., in the court of common pleas.

It was in evidence, on the part of the plaintiff, that in July 1844, he left his father's house in New Hampshire, where his father then and had ever since resided, and came into this state, for the purpose of obtaining employment; that the plaintiff made a contract with the defendant to labor for him, and did in fact work for him at Danvers in this state, for and during the time alleged in his writ; and that after he left the defendant's employment, he labored for other persons in Danvers and received the wages therefor, while still under age. It did not appear, that the plaintiff's father had interposed any claim for the last-named wages, or whether the plaintiff, on receiving them, had or had not paid them over to his father. There was evidence, that the father knew of the pendency of this suit, and it did not appear, that he had ever made any claim to the wages for which it was brought.

The presiding judge, upon this evidence, instructed the jury, that though a father was ordinarily entitled to the earnings of his minor son, he might nevertheless emancipate him, give him his time, or waive the right to his earnings; that such emancipation, giving of time, or waiver of earnings, might be proved by the acts of the parties, as well as by express decla- ration, and might be general, or for the specific earnings in a particular case; and that in order to entitle the plaintiff to recover, the jury must be satisfied, upon the whole evidence, that such emancipation, giving of time, or waiver, had taken place in the present case.

The plaintiff requested the judge to instruct the jury, that as the father of the plaintiff lived in New Hampshire, and the plaintiff had no guardian in this state, he had a legal right to maintain this action upon a contract for his services made by himself, without other proof of emancipation; and that if the father had suffered the plaintiff to come into this state to seek employment, and to make a contract for his services, that was of itself sufficient evidence of an emancipation of the plaintiff, or of a waiver of the father's right to recover for his services. But the judge instructed the jury, that from these and other facts, they might infer an emancipation of the plaintiff, or a waiver of a right to his wages, by his father, if such inference was a just and reasonable one from the facts; but they were not bound by any rule of law to do so, and that the question was one for them to decide upon all the facts submitted to them.

The jury having retired to consider of their verdict, returned into court for further instructions, and asked whether the father could sustain an action for the services sued for in this action; and whether the fact, that the father knew of this suit, and had consented to it, and had interposed no claim for the services of his son, either before or after it had been instituted, would constitute such a waiver of his right to claim for the services, that the son could maintain the action.   The judge instructed the jury, that the question, whether the father had a right to sue for these services, would depend upon the other question which had been submitted to them, namely, whether he

had emancipated his son, given him his time, or waived a right to his earnings. If he had done so, the father could not recover for them; if he had not done so, then, so far as it was material to consider the point in this case, he might recover for them; and whether this emancipation or waiver had taken place, the jury would judge, on all the facts, under the instructions which had already been given them. As to the other point, the judge instructed the jury, that if under the instructions given them, they should find that no emancipation had taken place, nor any waiver of the father's right, until after the services had been performed, and a right to sue for the same had accrued to the father, that then a consent on the part of the father, that the son might sue, or a failure to interpose on his own behalf, would not alone give the son a right to sue for the same in his own name.

The jury returned a verdict in the following words : — " The jury find no evidence, that the plaintiff during the time that he was in the employ of the defendant, was legally emancipated." This verdict was received by *Wells,* C. J., who had taken the place of *Perkins,* J., after the preceding instructions had been given; and by the direction of the former, a general verdict was drawn up for the defendant and affirmed by the jury.

The plaintiff alleged exceptions.

*D. Saunders,* for the plaintiff.

1. As to the duties of parents towards their children, and the rights of the parent and child respectively to the earnings of the child, see 1 Bl. Com. 447; 2 Kent, 203, (4th ed.); *Gale* v. *Parrot,* 1 N. H. 28; *Freto* v. *Brown,* 4 Mass. 675; *Nightingale* v. *Withington,* 15 Mass. 272; *Commonwealth* v. *Hamilton,* 6 Mass. 273; *Angel* v. *McLellan,* 16 Mass. 28; *Worcester* v. *Marchant,* 14 Pick. 510; *Corey* v. *Corey,* 19 Pick. 29; *Wodell* v. *Coggeshall,* 2 Met. 89; *Burlingame* v. *Burlingame,* 7 Cow. 92; *The Etna,* Ware, 462; *Steele* v. *Thacher,* Ware, 91; *Godfrey* v. *Hays,* 6 Alab. 501; *Commonwealth* v. *Murray,* 4 Binn. 487; *Jenison* v. *Graves,* 2 Blackf. 440; *Gordon* v. *Potter,* 17 Verm. 348; *Owen* v. *White,* 5 Porter, 435.

If the father of the plaintiff knowingly permitted him to leave his house, and come into this state to seek employment,

and knew of his making a contract for his services, and made no objections, this constituted an emancipation or a waiver of the father's rights, and the jury should have been instructed that if they found these facts, they were sufficient evidence of such an emancipation or waiver. *Whiting* v. *Earle,* 3 Pick. 201; *Manchester* v. *Smith,* 12 Pick. 113; *Wodell* v. *Cogge-shall,* 2 Met. 89; *Adams* v. *Woonsocket Co.* 11 Met. 327; *Steele* v. *Thacher,* Ware, 91; *Godfrey* v. *Hays,* 6 Alab. 501; *Nightingale* v. *Withington,* 15 Mass. 272; *Moses* v. *Stevens,* 2 Pick. 332; *Holloway* v. *Abell,* 7 Car. & P. 528; *Dean* v. *Peel,* 5 East, 45.

The defendant, having contracted with the plaintiff, is accountable to him. *Thomas* v. *Dike,* 11 Verm. 273; *Chilson* v. *Phillips,* 1 Verm. 41; *Judkins* v. *Walker,* 5 Shep. 38; *Ew-banks* v. *Peak,* 2 Bailey, 497. The plaintiff's right to sue does not depend on the question of emancipation. In some cases an agent may sue as well as his principal. Story, Ag. § 393.

2. The general verdict was erroneously entered. The jury by their special verdict did not find upon all the matters submitted to them. They were instructed to find for the plaintiff in either of three events, only one of which they passed upon by their verdict. *Little* v. *Larrabee,* 2 Greenl. 37; *Lawrence* v. *Beaubien,* 2 Bailey, 623; *Shapleigh* v. *Wentworth,* 13 Met. 358.

*G. P. Briggs,* for the defendant.

1. The burden of proof was on the plaintiff throughout, to satisfy the jury upon the whole evidence, that the plaintiff's father had emancipated him, given him his time, or waived the right to his services in this particular case. *Sumner* v. *Sebec,* 3 Greenl. 223; *Keen* v. *Sprague,* 3 Greenl. 77; *Burlingame* v. *Burlingame,* 7 Cow. 92; *Manchester* v. *Smith,* 12 Pick. 113; *Whiting* v. *Earle,* 3 Pick. 201; *Dean* v. *Peel,* 5 East, 45; *Anonymous,* 1 Smith, 333; *Gale* v. *Parrot,* 1 N. H. 28; *Holloway* v. *Abell,* 7 Car. & P. 528; *Judkins* v. *Walker,* 5 Shep. 38; *Shute* v. *Drew,* 5 Wend. 204; *Chilson* v. *Philips,* 1 Verm. 41; *Emery* v. *Gowen,* 4 Greenl. 33.

2. The court only directed the form in which the verdict should be drawn up, and it was afterwards affirmed by the jury. See *Porter* v. *Rummery,* 10 Mass. 64; *Ropps* v. *Barker,* 4 Pick. 239.

39 *

METCALF, J.   We are of opinion that the instructions given to the jury were correct.   But we are also of opinion that the finding by the jury did not warrant the entry of a general verdict for the defendant.   Though the father had not emancipated the plaintiff, yet if he had given him the time during which he worked for the defendant, or had waived his right to the plaintiff's earnings while in the defendant's service, then the plaintiff was entitled to recover in this action.   And so the jury were instructed.   But they did not pass upon either of the two latter questions.   They merely found that there was " no evidence that the plaintiff, during the time that he was in the employ of the defendant, was legally emancipated."   If the jury may be supposed to have meant, by this finding, to negative not only emancipation, in its proper sense, but also the giving to the plaintiff, by his father, of the time during which he labored for the defendant, still the question, whether the father had waived his claim to the plaintiff's wages, was not decided by them.   So that their finding did not necessarily disprove the plaintiff's right to recover; because he had a right to recover, if his father had made such a waiver.

This case is not distinguishable in principle from *Shapleigh* v. *Wentworth*, 13 Met. 358.   That was an action of trover, by a mortgagee of personal property, against an officer who had attached the property on a writ sued out by a creditor of the mortgagor.   The question for the jury was, whether the mortgage was valid, as against that creditor.   And they were instructed, that if the mortgagee took actual possession of the mortgaged property, under the mortgage, before it was attached, and the attaching creditor knew of the mortgage, and that the mortgagee had possession of the property at the time of the attachment, they should find for the plaintiff.   The jury found a verdict for the plaintiff, stating therein that they did so on the ground that the attaching creditor knew of the mortgage, before the attachment.   But it was decided that a general verdict could not be entered for the plaintiff, on this finding; because the jury had not passed upon the question, whether the mortgagee took and retained possession of the mortgaged property, and because, if he did not, the mortgage was not

valid as against the attaching creditor, though he had actual notice of it.

The verdict must be set aside, and a new trial had in the court of common pleas.